**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**KENNY HALFACRE
ADC #84410**                                                                                          **PLAINTIFF**

V.                              CASE NO. 5:14CV00429 KGB/BD

**ARKANSAS BOARD OF CORRECTION, et al.**                       **DEFENDANTS**

**RECOMMENDED DISPOSITION**

I.   **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believe to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

Clerk, United State District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II. Background:

Plaintiff Kenny Halfacre, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, and is proceeding *in forma pauperis*. (Docket entries #1, #3) Mr. Halfacre complains that ADC officials automatically include an additional rule violation with every disciplinary charge they write, thus resulting in harsher punishment. Specifically, he alleges that ADC officials always add a charge that a prisoner "[failed] to obey verbal and/or written orders of staff" with every disciplinary charge they write.

Because it was unclear what additional punishment Mr. Halfacre received as a result of the automatically added failure-to-obey charge, Mr. Halfacre was instructed to amend his complaint. (#4) He has now filed an amended complaint. (#5)

Based on the allegations contained in his original and amended complaints, the Court recommends that Mr. Halfacre's claims be DISMISSED, without prejudice.

## III. Discussion:

Stated in legal terms, Mr. Halfacre has attempted to raise a due process claim. He can pursue a claim for damages based on a due process violation, however, only if he has a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995). A prisoner's

liberty interests are limited to freedom from restraint which "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin*, 515 U.S. at 487.

Mr. Halfacre alleges that, as a result of the additional failure-to-obey conviction, he suffered an additional reduction in classification level and was assigned to punitive isolation for a longer time than he otherwise would have served. He explains that he was charged with a "Class B infraction" but was subjected to harsher punishment because of the added failure-to-obey charge, a "Class A infraction." For purposes of this Recommendation, the Court will assume Mr. Halfacre's allegation are true.

Under settled law, neither the assignment to punitive isolation for a relatively short period of time nor the reduction in classification can support a due process claim. Placement in punitive isolation for a relatively short interval, even if it means a temporary suspension of privileges while so confined, is not the type of "atypical and significant" hardship that triggers the protection of the due process clause. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003), citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (holding that a demotion to segregation alone, even without cause, was not an atypical and significant hardship). Further, an inmate has no liberty interest in a particular classification. *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005). Without an underlying liberty interest, Mr. Halfacre cannot prevail on his due process claim.

### III.     Conclusion:

The Court recommends that Mr. Halfacre's claims be DISMISSED, without prejudice, this 16th day of December, 2014.

_____
UNITED STATES MAGISTRATE JUDGE