**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**KENNY HALFACRE**                                                                    **PLAINTIFF**
**ADC #84410**
**v.**                                  **Case No. 5:14-cv-00429-KGB/BD**

**ARKANSAS BOARD OF CORRECTION,** *et al.*                          **DEFENDANTS**

<u>**ORDER**</u>

The Court has reviewed the Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 6), as well as the objections filed by plaintiff Kenny Halfacre (Dkt. Nos. 7, 8).  After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Halfacre's objections.  Mr. Halfacre argues that his due process rights were violated by the Arkansas Department of Correction's automatically including an additional rule violation, without explanation, with every disciplinary charge written, thus resulting in additional reduction in classification level and punitive isolation. Mr. Halfacre states that he served a total of 25 days in punitive isolation, though from the record it is not clear how much of this time was due to the alleged automatic additional rule violation (Dkt. No. 5, at 2).  Mr. Halfacre cites *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), for the proposition that minimum due process requirements are applicable to prison disciplinary hearings.  However, this is only true where life, liberty, or property interests are at stake.  U.S. Const. amend. XIV, § 1 (providing that no state shall "deprive any person of life, liberty, or property, without due process of law."); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Protected liberty interests may arise from the Due Process Clause itself or from an expectation or interest created by state laws or policies. *Wilkinson*, 545 U.S. at 221. Liberty interests arising from state law are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incident of prison life" or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 486-87 (1995). As the Recommended Disposition explains, neither reduction in classification level nor punitive isolation for a relatively short period of time can support a due process claim, as prisoners have no liberty interest in a particular classification or avoiding relatively short periods of punitive isolation. *See Portley–El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that 30 days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Rahman X v. Morgan*, 300 F.3d 970, 973-74 (8th Cir. 2002) (holding that an inmate's placement in administrative segregation for 26 months without a disciplinary charge or conviction did not "demonstrate that his liberty interest was curtailed"); *Driscoll v. Youngman*, 124 F.3d 207 (8th Cir. 1997) (unpublished decision) (finding that 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light, and adequate time in the library" did not alone constitute an "atypical and significant hardship"); *Furlough v. Brandon*, No. 2:09CV00170 JMM/JTR, 2009 WL 4898418, at *2 (E.D. Ark. Dec. 15, 2009) (determining that inmate failed to state due process claim after being assigned to punitive isolation for 30 days and then administrative segregation for nearly nine months).

Mr. Halfacre cites *Wilkinson v. Austin* for the proposition that he had a state-created liberty interest here, but *Wilkinson* merely states that indefinite placement in solitary confinement with only an initial 30-day review and subsequent annual reviews is an atypical and significant hardship under *Sandin*. 545 U.S. at 223-24. Those facts are not present here. Lastly,

Mr. Halfacre cites *Sira v. Morton*, 380 F.3d 57, 74 (2d Cir. 2004), and *Frances v. Coughlin*, 47 (2d Cir. 1989), for the proposition that prisoners must receive fair notice and an opportunity to be heard.   However, *Sira* required fair notice and an opportunity to be heard only after assuming without deciding that there was an atypical and significant hardship entitling the prisoner to due process.   *See Sira*, 380 F.3d at 69 ("Given the procedural posture of this case, we assume, without deciding, that Sira's six-month confinement in the special housing unit imposed an atypical hardship entitling him to due process.").   *Frances* was decided before *Sandin* clarified when state created liberty interests exist.   Based on the allegations in Mr. Halfacre's complaint, he is not entitled to due process under Eighth Circuit case law applying *Sandin*.

Accordingly, Mr. Halfacre's claims are dismissed without prejudice, and all pending motions are denied as moot (Dkt. No. 8).

SO ORDERED this 28th day of April, 2015.


KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE